ROGERS, Circuit Judge,
concurring.
I join parts I, II and III.E of the majority opinion, and concur in the result.
Essentially for the reasons given in parts III.A and B of the majority opinion, IVCF can assert the ministerial exception, and that exception protects against the claim asserted by Conlon.
Conlon’s sole claim on appeal is under Title VII. Under the Constitution, Title VII does not extend to Conlon’s claim. IVCF can no more “agree” to have Title *838 VII extend to claims precluded by the ministerial exception than an employer could “agree” to have Title VII apply to some new kind of discrimination, or to have Title VII apply to entities otherwise not covered by Title VII, or to have Title VII apply to non-employment relationships. This inability of parties to expand the scope of statutory causes of action is sufficient to reject Conlon’s so-called waiver argument.
Our decision today does not require us to decide whether a religious employer could enter into a judicially-enforceable employment contract with a ministerial employee not to fire that employee on certain grounds (such as pregnancy). Judicial enforcement of such a contract might unduly interfere with the independence of religious institutions, but barring religious institutions from offering such a legally binding guarantee might make it harder for some religious institutions to hire the people they want. Conlon in this case now disavows any contractual argument. Thus, to the extent that any analysis in the majority opinion might be read to govern non-Title VII employer obligations, such analysis is not necessary to our judgment.
Finally, with respect to part III.D of the majority opinion, it is sufficient to say that Michigan law recognizes the ministerial exception, without analyzing the extent to which the federal Constitution would require Michigan to do so even if Michigan did not.